## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3520 | **DATE** | 10/18/2011 |
| **CASE TITLE** | Rosas, et al. vs. Midwest Generation, LLC | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Midwest Generation's motions to dismiss for lack of subject matter jurisdiction. [No. 11-cv-3520, 14; No. 11-cv-3524, 13.] Cases 11-cv-3520 and 11-cv-3524 are both dismissed without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On May 25, 2011, two separate groups of Plaintiffs (collectively, "Plaintiffs") sued Defendant Midwest Generation, LLC ("Midwest Generation") on behalf of themselves and all others similarly situated. Plaintiffs allege that Midwest Generation's operation, maintenance, and control of two of its Illinois coal-fired electrical generation facilities has unreasonably interfered with their property rights. On October 6, 2011, the Court granted Midwest Generation's motion to reassign case number 11-cv-3524 to this Court as a related case. [See No. 11-cv-3520, 27.]

On August 19, 2011, Midwest Generation moved to dismiss Plaintiffs' complaints in both cases for lack of subject matter jurisdiction. Midwest Generation claims that diversity of citizenship does not exist here because Midwest Generation, like Plaintiffs, is an Illinois citizen.

When a party moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), challenging the factual basis for jurisdiction, "the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). In such a case, the Court may look beyond the pleadings and "weigh the evidence to determine whether jurisdiction has been established." *Id.* As the party asserting federal jurisdiction, Plaintiffs bear the burden of proof, and must establish jurisdiction by a preponderance of evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

In their complaints, Plaintiffs rely solely on diversity jurisdiction as the basis for federal jurisdiction. For jurisdiction to be founded on diversity of citizenship, there must be complete diversity – *i.e.*, no plaintiff can be a citizen of the same state as any defendant. See *Muscarello v. Ogle County Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010). Here, the parties agree that "all Plaintiffs named and unnamed" are citizens of Illinois.[FN 1] The parties disagree, however, about the citizenship of Midwest Generation. In their complaints, Plaintiffs assert that Midwest Generation is "a corporate entity of the State of Delaware" and that

**STATEMENT**

its "primary business address" is in Illinois. Confronted with Midwest Generation's motions to dismiss, however, Plaintiffs now claim that Midwest Generation is a citizen of Delaware and California.

> [FN 1] Plaintiffs improperly pleaded residence, not citizenship of the Plaintiffs, which is enough for the Court to dismiss Plaintiffs' complaints. See *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit."). Nevertheless, because Plaintiffs' civil cover sheets list Plaintiffs as citizens of Illinois and because the parties agree that Plaintiffs are all citizens of Illinois, the Court will proceed with its analysis of Defendant's citizenship.

Midwest Generation first contends that the Court must dismiss Plaintiffs' complaints because "Plaintiffs' failure to plead California citizenship is fatal to that theory." [11-cv-3520, 26 at 2.] While it is true that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced," *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986), "the rule in this circuit has been that the court's discretion to dismiss for lack of subject matter jurisdiction when the plaintiff could have pleaded the existence of jurisdiction and when in fact such jurisdiction exists, should be exercised sparingly." *Muscarello*, 610 F.3d at 425 (quotation omitted). In light of this rule, the Court will assess the citizenship of Midwest Generation to determine in fact whether it is a California citizen for diversity purposes.

To determine the citizenship of Midwest Generation, a limited liability company, the Court looks to the citizenship of each of its members. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The sole member of Midwest Generation is Edison Midwest Holding Co. ("Midwest Holdings"), a Delaware corporation. (See Claybaugh Decl., Ex. 1 at 4, 25.) Thus, for purposes of diversity jurisdiction, the citizenship of Midwest Generation is the citizenship of Midwest Holdings. See, *e.g.*, *Bishop v. Bayer Corp.*, No. 09-2100, 2011 U.S. Dist. LEXIS 30241, at *8 (S.D. Ill. Mar. 22, 2011). Under § 1332(c)(1) of title 28, United States Code, a corporation like Midwest Holdings is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business * * *." See also *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). Accordingly, Midwest Holdings is a citizen of Delaware, where it is incorporated, and wherever it has its principal place of business.

In the Seventh Circuit, a corporation's principal place of business is the location of its "nerve center," "or, more concretely, where its executive headquarters are located." *Ill. Bell Tel. Co., Inc. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008). In applying the "nerve center" test, the Court considers the following factors: "the place where corporate decisions are made, where the corporation is funded, where its general counsel, directors, officers and shareholders are located, where the primary bank account exists, and the place of its principle office and corporate headquarters." *Chicago Dist. Council of Carpenters Welfare Fund v. Caremark RX, Inc.*, No. 04 C 5868, 2005 WL 1950668, at *1 (N.D. Ill. Aug. 10, 2005).

Midwest Holdings is a true holding company that has no employees and conducts no operations. (Claybaugh Decl. ¶ 4.) Instead, it delegates management of Midwest Generation to Midwest Generation itself through Midwest Generation's board of directors and officers. (*Id.*) Midwest Generation's corporate headquarters and principal executive offices are in Illinois. (*Id.* ¶ 6; *id.* Ex. 1 at 2, 4.) Its executives, including its president, various vice presidents, and corporate counsel, work in its offices in Bolingbrook and Chicago, Illinois. (*Id.* ¶ 7.) From Illinois, Midwest Generation's executives "purchas[e] fuel and other inputs * * *, schedul[e] maintenance, manag[e] environmental compliance, mak[e] employment and other human resource decisions, procur[e] * * * goods and services, and manag[e] construction and technical services activities." (*Id.* ¶ 8.) Further, Midwest Generation's primary bank account is located in Illinois. (*Id.* ¶ 9.) Thus, as the

**STATEMENT**

record makes clear, Midwest Generation's, and therefore Midwest Holdings,' "nerve center," and principal place of business, is located in Illinois.

Despite this evidence, Plaintiffs contend that Midwest Holdings' principal place of business is California. For support, Plaintiffs point to 1) the fact that Midwest Generation is registered in Illinois as a foreign corporation with its principal office in California [see 11-cv-3520, 24, Ex. 1]; and 2) the fact that Midwest Holdings is a wholly-owned subsidiary of Midwest Generation EME, LLC, which is a wholly-owned subsidiary of Edison Mission Energy, which is, in turn, an indirect wholly-owned subsidiary of Edison International. (Claybaugh Decl., Ex. 1 at 4.) According to Plaintiffs, because Edison International is a California citizen, Midwest Holdings (and Midwest Generation) is a California citizen.

These facts, however, do not make Midwest Holdings a citizen of California for diversity purposes. First, as noted above, to determine a corporation's principal place of business, the Court looks to the location of its executive headquarters, not to the place identified on a Secretary of State's website as a company's "Principal Office." Indeed, as Midwest Generation points out, the address listed on the Illinois Secretary of State's website is the address of Edison Mission Energy, a parent company of Midwest Holdings, which coordinates official corporate filings for its subsidiaries. (*Id.* ¶ 5.) Further, the information on the Illinois Secretary of State's website is contradicted by Midwest Generation's Securities and Exchange Commission Form 10-K from 2010, which reflects that Midwest Generation's corporate headquarters and principal executive offices are located in Illinois. (*Id.* ¶ 6; *id.*, Ex. 1 at 2, 4.)

Second, the principal place of business of Midwest Holding's parent companies has no bearing on the Court's determination of its citizenship here. Indeed, "subsidiaries may have their own principal place of business separate and apart from the parent corporation when they are independently operated and controlled." *Parkside Med. Servs., Inc. v. Lincoln West Hosp., Inc.*, No. 89 C 2233, 1990 WL 71276, at *1-2 (N.D. Ill. Apr. 27, 1990) (concluding that the principal place of business of a subsidiary was in Illinois, even though it was wholly owned by a Georgia corporation); *Chicago Dist. Council of Carpenters Welfare Fund*, 2005 WL 1950668, at *2 (stating that a subsidiary corporation that is incorporated as a separate entity from its parent corporation has its own principal place of business unless it is not really a separate entity). Thus, even if one or more of Midwest Holdings' parent companies are California citizens, because it is independently operated and controlled by executives located in Illinois, and because Plaintiffs have not alleged that it is merely the alter ego of one of its parent corporations, it is an Illinois citizen for purposes of diversity jurisdiction. See, *e.g.*, *Chicago Dist. Council of Carpenters Welfare Fund*, 2005 WL 1950668, at *3 (concluding that a subsidiary corporation did not take on the principal place of business of its parent corporation where the plaintiff failed to establish the facts required to prove that the subsidiary was an alter ego).

After reviewing the evidence submitted by both parties, the Court concludes that Midwest Holdings – and, therefore, Midwest Generation – is a citizen of both Delaware and Illinois for purposes of diversity jurisdiction. Because Plaintiffs and Midwest Generation are all citizens of Illinois, Plaintiffs have not met their burden of proving complete diversity by a preponderance of the evidence. Accordingly, the Court grants Midwest Generation's motions to dismiss for lack of jurisdiction. [No. 11-cv-3520, 14; No. 11-cv-3524, 13.] Cases 11-cv-3520 and 11-cv-3524 are both dismissed without prejudice.